Let an appropriate order of dismissal be entered.

**UNITED STATES of America, Appellee,**

v.

**Erik Darnell STEWART, Appellant.**

**No. 91–3303.**

United States Court of Appeals, Eighth Circuit.

Submitted June 8, 1992.

Decided Aug. 5, 1992.

Douglas Peine, St. Paul, Minn., for appellant.

Margaret Burns, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before WOLLMAN, Circuit Judge, and BRIGHT and ROSS, Senior Circuit Judges.

Donald R. ROSS, Senior Circuit Judge.

Appellant Erik Darnell Stewart pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), and one count of unlawful use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). Appellant now appeals the denial of his motion to suppress evidence obtained as a result of the alleged unlawful search of his home. We affirm.

On March 27, 1991, Minneapolis police officers executed a search warrant at 3705 Orchard Avenue North in Minneapolis, Minnesota. The search warrant was signed by Hennepin County District Court Judge Ann Alton. The affidavit supporting the search warrant was submitted by Minneapolis Police Officer Gerald Moore.

Officer Moore's affidavit indicated that in February 1991, an undercover agent pur-

chased one-half ounce of crack cocaine from Oliver Perkins in the parking lot of Rainbow Foods supermarket. Before the transaction, Perkins told the undercover officer that his source lived one-half mile from the supermarket. A white Escort, driven by a black male, pulled into the Rainbow Foods parking lot. After Perkins sat in the Escort with the driver of the car, he returned to the undercover officer and reported that he had purchased one and one-half ounces of crack from the man in the Escort. The affidavit indicated that the Escort was registered to appellant Erik Darnell Stewart, who resided at 3705 Orchard Avenue North.

The affiant further stated that in March 1991, surveillance officers observed another car driven by Ronnie Harrison drive away from 3705 Orchard Avenue North before Harrison stopped at his own house on the way to sell one ounce of crack cocaine to an undercover officer.

When Officer Moore presented the affidavit to Judge Alton, she questioned him about certain aspects of the affidavit. As a result of that discussion, Officer Moore added additional information before Judge Alton signed the search warrant.

In the course of the subsequent search of the house located at 3705 Orchard Avenue North, the officers found four ounces of crack cocaine, a crack pipe and a .38 caliber handgun and bullets. At some point during the search, one of the officers indicated that there was an unattached and locked garage in the back of the house. Because the search warrant specified only: "The following described premises: 3705 Orchard Avenue North, Robbinsdale, MN," an officer telephoned Judge Alton and requested an extension of the warrant to cover the garage as well. More crack cocaine was found during the subsequent search of the garage. After being read his *Miranda* rights, appellant admitted that the drugs belonged to him.

On May 17, 1991, appellant filed a motion to suppress based on his claim that the search warrant was invalid because it was not supported by probable cause. On June 6, 1991, Magistrate Judge Franklin L. Noel recommended that the motion to suppress be denied. Although the magistrate judge found the issue of probable cause to be close, he found that the officers acted in good faith in procuring and executing the warrant. The magistrate judge noted that the appellant did not allege that the officers intentionally misrepresented the basis for obtaining the warrant. The magistrate judge found that the officers' good faith was demonstrated in part by their attempt to clarify the scope of the warrant before searching the garage, and that the issuing judge gave careful consideration to the question of whether probable cause existed to support the warrant. Magistrate Judge Noel concluded that the search warrant was not so deficient that the executing officers acted unreasonably in relying on it. On July 16, 1991, the district court[1] adopted the report and recommendation issued by the magistrate judge.

On July 18, 1991, appellant pled guilty before the district court. Appellant admitted that he had approximately 400 grams of crack cocaine and a .38 caliber revolver in his possession. The plea agreement did not reserve any right to appeal pretrial motions pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure.[2]

Appellant's failure to preserve his right to appeal by entering a conditional guilty plea now precludes him from challenging the validity of the search warrant. It is well established in this Circuit that a defendant who pleads guilty waives all non-jurisdictional defenses. *Hill v. United States*, 928 F.2d 303 (8th Cir.1991); *Smith*

---

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

2. Fed.R.Crim.P. 11(a)(2) provides:
   Conditional Pleas. With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

*v. United States,* 876 F.2d 655, 657 (8th Cir.) ("In pleading guilty, a defendant waives all challenges to the prosecution except those related to jurisdiction," including claims regarding search and seizure), *cert. denied,* 493 U.S. 869, 110 S.Ct. 195, 107 L.Ed.2d 149 (1989). It is clear that appellant has waived his right to challenge the validity of the search warrant.

█ Even if we were to consider the merits of appellant's challenge to the search warrant, we would nevertheless affirm the district court's denial of the motion to suppress. Under the standard set forth in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the magistrate judge found that the officers acted in good faith in relying on the issuance of the warrant and concluded that the fruits of the search need not be suppressed. Officer Moore's application for a search warrant "clearly was supported by much more than a 'bare bones' affidavit." *Id.* at 926, 104 S.Ct. at 3422. The affidavit stated that an undercover officer reported the purchase of crack cocaine from a person whose car was registered to appellant at appellant's address. That address was also involved in other investigations, including an incident involving Ronnie Harrison, an individual who sold drugs on numerous occasions to undercover officers, who was seen leaving 3705 Orchard Avenue North on his way to sell additional crack cocaine to an undercover officer. The officers' reliance on the judge's determination of probable cause was objectively reasonable.

Accordingly, the judgment of the district court is affirmed.