_____

No. 95-3376EM
_____

United States of America,          *
                                   *
                Appellee,          *
                                   *    Appeal from the United States
        v.                         *    District Court for the Eastern
                                   *    District of Missouri.
Austin Hillman Marks,              *
                                   *
                Appellant.         *
                                 _____

                        Submitted:  May 15, 1996

                        Filed:  June 7, 1996
                                 _____

Before FAGG, WOLLMAN, and LOKEN, Circuit Judges.
                                 _____

FAGG, Circuit Judge.

        Having pleaded guilty to traveling in interstate commerce in a
murder-for-hire scheme, Austin Hillman Marks challenges the district
court's compliance with Rule 11 of the Federal Rules of Criminal Procedure.
Marks also claims for the first time on appeal that his trial counsel
failed to provide effective assistance.  We affirm.

        Marks claims the district court did not adequately question him about
the medications he was taking to ensure that he was mentally competent to
enter a knowing and intelligent guilty plea.  See Fed. R. Crim. P. 11(d).
Marks's contention is foreclosed by our opinion in United States v. Dalman,
994 F.2d 537, 538-39 (8th Cir. 1993).  After learning Marks had taken some
medications before appearing in court to change his plea on the fourth day
of a jury trial, the district court clarified that the medications
consisted of an antidepressant, pain reducers, and relief for stomach
ulcers.  The district court then inquired whether the medications had
affected Marks's ability to understand the plea proceeding, the

plea agreement, and the district court's questions and explanations. Marks assured the district court they had not. The district court asked Marks's trial counsel if she had any doubt about her client's ability to enter a knowing and intelligent plea, and counsel responded that she did not. The record shows Marks's performance during the plea proceeding was entirely consistent with his assurance that he was in control of his faculties. Indeed, Marks neither argued in the district court nor on appeal that he was under the influence of his medications, that the medications were mind altering, or that the medications affected his ability to make a knowing and intelligent plea. Also, the district court had observed Marks's behavior during three days of trial, including his lengthy testimony as a witness on his own behalf. Contrary to Marks's complaint that the district court did not probe deep enough, we conclude the district court's inquiry was sufficient for the purposes of Rule 11. Id.

Marks also claims the district court failed to satisfy the requirements of Rule 11(c)(1). According to Marks, the district court misled him about the sentence he could receive. We disagree. The district court specifically informed Marks that the maximum statutory penalty for Marks's crime was ten years. In explaining that Marks's case was covered by the sentencing guidelines, the district court made clear that whether Marks would receive a lesser sentence than ten years would not be known until "a presentence report [was] prepared and [the judge] had a chance to review the guidelines." In accepting Marks's guilty plea, the district court was not obligated to inform Marks of the applicable guideline range or the actual sentence he would receive. United States v. Burney, 75 F.3d 442, 445 (8th Cir. 1996). Again, we are satisfied the district court discharged its Rule 11 burden.

Finally, Marks claims his trial counsel was ineffective during the plea proceeding. Ordinarily, a claim of ineffective assistance cannot be raised for the first time on appeal because the claim requires the development of facts outside the original record. United States v. Martin, 62 F.3d 1009, 1012 (8th Cir. 1995), cert.

denied, 116 S. Ct. 1556 (1996).  Marks's case is an exception to this rule, however, because his arguments are governed by the record before us.  Thus, we will consider Marks's claim under the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984).  See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

Marks first contends his trial counsel was ineffective because she failed to insist that the district court make an adequate Rule 11 inquiry into the potential effect of Marks's medications on his ability to understand the plea proceeding.  We have concluded, however, that the district court's questioning was sufficient for the purposes of Rule 11.  That being so, counsel's failure to demand compliance with Rule 11 cannot be ineffective assistance.  See Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam).

Marks also contends he received ineffective assistance because trial counsel failed to tell Marks the ten-year maximum sentence was the only possible sentence in Marks's case, and if he had known this, Marks asserts he would not have pleaded guilty.  If trial counsel had told Marks what Marks claims he should have been told, counsel would have misled her client.  As shown by the sentencing transcript, if Marks's objections to the presentence report had been sustained, the reduced guidelines range sought by Marks would have permitted a sentence of less than ten years.  Additionally, the Government in exchange for Marks's guilty plea dismissed another charge that could have increased Marks's guidelines sentence above the statutory maximum for the charge to which he pleaded guilty.  In short, the record goes against the grain of Marks's claim that "there was no conceivable reason for [him] to plead guilty."  Because Marks has not shown "there is a reasonable probability that, but for counsel's errors, [Marks] would not have pleaded guilty and would have insisted on going to trial," Hill, 474 U.S. at 59, we reject Marks's ineffective assistance of counsel claim.

We affirm the district court

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.