**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2898

_____

United States of America,        *
                                     *

        Appellee,        *

                                     * Appeal from the United States

    v.                       * District Court for the District

                                     * of North Dakota.

Delwayne Brandt,             *

                                     *

        Appellant.       *

_____

Submitted: February 11, 1997

Filed: May 7, 1997

_____

Before MAGILL, BEAM, and LOKEN, Circuit Judges.

_____

BEAM, Circuit Judge.

Delwayne Brandt appeals the district court's order revoking his probation and sentencing him to eight months in prison. We dismiss this appeal as moot.

Brandt was indicted by a federal grand jury on two counts of using interstate communications to threaten injury to an individual, in violation of 18 U.S.C. § 875(c). Upon advice of counsel, Brandt pled guilty to Count Two, in exchange for the dismissal of Count One.

The facts underlying Count Two can be briefly summarized. Brandt was frustrated with what he perceived to be threats and harassment against him and his family members by a local sheriff. Brandt called the governor's office to complain about the alleged harassment. When he eventually spoke with one of the governor's aides, Brandt threatened to kill the sheriff.

After accepting Brandt's guilty plea, the district court sentenced Brandt to forty-eight months of probation on March 28, 1995. Brandt did not appeal this conviction or ask to withdraw his guilty plea at that time. On June 25, 1996, following a state court conviction for attempted criminal mischief, Brandt's probation was revoked. He was sentenced to eight months in prison. On July 5, 1996, Brandt's counsel filed a notice of appeal from the district court's order revoking probation. Brandt's counsel was then permitted to withdraw his representation and Brandt was appointed new counsel. The appeal was based on three claims of ineffective assistance of counsel. Brandt alleges that his prior counsel was ineffective in that: (1) he failed to move to dismiss Count Two of the indictment; (2) he advised Brandt to plead guilty to Count Two despite his alleged lack of mental culpability; and (3) he failed to call witnesses at the probation revocation hearing.

Brandt's notice of appeal was from the district court's order revoking probation. On appeal, however, Brandt raises only claims of ineffective assistance of counsel--two of which are attempts to collaterally attack his original conviction and a third which relates to the probation revocation. Except in unusual circumstances, claims of ineffective assistance of counsel are not properly considered on direct appeal. United States v. Iversen, 90F.3d 1340, 1342 (8th Cir. 1996). Consequently, we refuse to deal

on direct appeal with the ineffective counsel allegation arising from the revocation of probation. Without that issue, this action would more properly be considered an appeal from Brandt's original conviction. Such an appeal, however, would be untimely. 28 U.S.C. § 2107.

Brandt's claims of ineffective assistance of counsel, if at all viable, should have been presented by way of a 28 U.S.C. § 2255 action. However, we cannot treat this appeal as a habeas action. Because entitled an "appeal," this action came directly to our court instead of first being presented to the district court. Therefore, the district court has not had the opportunity to rule on or to develop a factual record on these claims. Iversen, 90 F.3d at 1342. In such a case, it would normally be proper for us to dismiss the appeal without prejudice to Brandt's right to bring a motion for relief under 28 U.S.C. § 2255. In this case, however, such a dismissal is inappropriate as Brandt was unconditionally released from the custody of the Bureau of Prisons on February 21, 1997. Therefore, we dismiss this appeal as moot. See Sesler v. Pitzer, No. 96-2185, 1997 WL 157347, at *1 (8th Cir. Apr. 7, 1997); Leonard v. Nix, 55 F.3d 370, 372-73 (8th Cir. 1995).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.