United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1668

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| John Bradford Bond, | * | District of Missouri. |
| | * | [PUBLISH] |
| Appellant. | * | |

_____

Submitted: September 10, 1997

Filed:      February 6, 1998

_____

Before McMILLIAN, ROSS and MURPHY, Circuit Judges.

_____

PER CURIAM.

John Bradford Bond pleaded guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846, and was sentenced to 210 months imprisonment. On appeal Bond challenges the voluntariness of his guilty plea and a sentence enhancement for his role in the offense under U.S.S.G. § 3B1.1(a). We reject his arguments and affirm.

Bond argues that his plea was involuntary because at the plea hearing his counsel estimated that Bond would be subject to a guidelines sentencing range of 121 to 151 months. His argument is without merit. A defense counsel's erroneous estimate of a guidelines sentence does not render an otherwise voluntary plea involuntary. United States v. Rhodes, 913 F.2d 839, 843 (10th Cir. 1990), cert. denied, 498 U.S. 1122 (1991); cf. United States v. Fortney, 957 F.2d 629, 631 (8th Cir.) (per curiam) ("government's incorrect estimate of [defendant's] criminal history category" does not necessarily "render[] the guilty plea invalid"), cert. denied, 506 U.S. 902 (1992). In this case, before accepting Bond's guilty plea, the district court[1] complied with the requirements of Fed. R. Crim. P. 11. Among other things, the court advised Bond that the guidelines would determine his sentence unless the statute overrode the guidelines. The court further advised that the statutory minimum sentence was ten years and the maximum sentence was life. We note that "[i]n accepting [Bond's] guilty plea, the district court was not obligated to inform [Bond] of the applicable guideline range or the actual sentence he would receive." United States v. Marks, 85 F.3d 396, 398 (8th Cir.), cert. denied, 117 S. Ct. 205 (1996).

Following his plea and before sentencing, Bond filed a pro se motion to withdraw his guilty plea. At the sentencing hearing, the court asked Bond whether he wanted to be heard on the motion. He said no and withdrew the motion. On appeal Bond argues that the court erred in allowing him to withdraw his pro se motion, asserting that he had inadequate representation. We need not address this argument, since Bond failed to raise the issue below. In any event, even if Bond's motion to

---

[1]The Honorable Russell G. Clark, Senior Judge, United States District Court for the Western District of Missouri.

-2-

withdraw had been before the district court, the court would not have abused its discretion in rejecting it. "A defendant's misapprehension of the application of the Guidelines to his sentencing does not constitute a fair and just reason for withdrawing a plea so long as the defendant was told the range of potential punishment and that the Guidelines would be applied to determine his sentence." United States v. Burney, 75 F.3d 442, 445 (8th Cir. 1996). "This remains true even where such a misunderstanding is based on an erroneous estimation by defense counsel." Id.

In this case, it appears that counsel's miscalculation was based on his belief that Bond would not receive an enhancement for his role in the offense under U.S.S.G. § 3B1.1(a), which provides a four-level enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." However, the plea agreement specifically informed Bond that the district court at the time of sentencing would decide whether the enhancement applied.

Contrary to Bond's argument on appeal, the district court did not err in imposing the enhancement. Bond does not challenge the scope of the activity, but argues that the government failed to prove that he was an organizer or leader. We disagree. "The terms 'organizer' and 'leader' are to be broadly interpreted." United States v. Guerra, 113 F.3d 809, 820 (8th Cir. 1997). "Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, . . . and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, application note 4. At the sentencing hearing, an undercover officer testified that Bond "was at the top with individuals underneath that were distributing methamphetamine." In particular, the officer noted that Bond "fronted" drugs,

maintained control over the proceeds, required distributors to "pair up" for safety, and directed the activities of a "mule." Because the district court's finding that Bond was an organizer or leader is supported by the evidence, it is not erroneous. <u>See, e.g.</u>, <u>Guerra</u>, 113 F.3d at 820.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT

-4-