United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-2183

_____

United States of America,        *
                                 *
        Appellee,                *
                                 *    Appeal from the United States
    v.                           *    District Court for the
                                 *    Southern District of Iowa.
David S. Forsythe,               *
                                 *       **[UNPUBLISHED]**
        Appellant.               *

_____

Submitted: March 6, 1998
    Filed: March 13, 1998

_____

Before LOKEN, HEANEY, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Following a narcotics-trafficking investigation of David S. Forsythe during which authorities were assisted by a confidential informant, Forsythe was charged with and pleaded guilty to conspiring to distribute marijuana and cocaine, in violation of 21 U.S.C. § 846; using a communication facility to distribute marijuana, in violation of 21 U.S.C. § 843(b); and possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court[1] sentenced Forsythe to a total of 120 months imprisonment and eight years supervised release, and he appeals. Counsel has moved

_____

[1]The HONORABLE HAROLD D. VIETOR, United States District Judge for the Southern District of Iowa.

to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and Forsythe has filed a pro se supplemental brief. We affirm.

At sentencing, the confidential informant testified for the government as to how much marijuana and cocaine Forsythe had delivered to him during the relevant time. Based on this testimony, the district court determined Forsythe should be held responsible for a total of 385.56 kilograms of marijuana and marijuana equivalent, which triggered a mandatory minimum sentence of 120 months imprisonment because of Forsythe's prior felony drug conviction. <u>See</u> 21 U.S.C. § 841(b)(1)(B)(vii). Both counsel in his <u>Anders</u> brief and Forsythe in his pro se brief challenge the district court's drug-quantity finding, contending that the government's evidence was not credible, and that the court should have adopted a clear-and-convincing standard of proof.

We uphold the district court's finding as not clearly erroneous, because it is supported by the confidential informant's testimony, which the district court was entitled to credit in whole or in part. <u>See</u> <u>United States v. Cassidy</u>, 6 F.3d 554, 557 (8th Cir. 1993) (credibility determinations are not "all-or-nothing proposition"); <u>United States v. Adipietro</u>, 983 F.2d 1468, 1472 (8th Cir. 1993) (witness credibility); <u>United States v. Wyatt</u>, 19 F.3d 1283, 1284 (8th Cir. 1994) (per curiam) (standard of review). We likewise conclude the district court was not required to apply a clear-and-convincing standard of proof in determining drug quantity. <u>See</u> <u>United States v. Pugh</u>, 25 F.3d 669, 676 (8th Cir. 1994).

Forsythe also argues in his pro se brief that the district court[2] violated Federal Rule of Criminal Procedure 11(c)(1) when it allowed him to enter a guilty plea without advising him of the possibility that he faced a 120-month mandatory minimum sentence. We reject this argument. Forsythe received a sentence far less than what he

_____

[2]The HONORABLE CHARLES R. WOLLE, Chief Judge, United States District Court for the Southern District of Iowa.

was told he faced: a potential mandatory minimum sentence of 240 months imprisonment and a maximum penalty of life imprisonment. Forsythe also was told during the change-of-plea hearing that the district court could not determine at that point what his sentence would be, and that regardless of the parties' dispute over the correct quantity of drugs applicable to his offenses, he faced the maximum sentence-- life in prison. See Fed. R. Crim. P. 11(h) (harmless error exception); United States v. Raineri, 42 F.3d 36, 41-42 (1st Cir. 1994) (finding harmless error when misinformation at Rule 11 hearing did not create expectation of lesser penalty than that actually received), cert. denied, 515 U.S. 1126 (1995); cf. United States v. Marks, 85 F.3d 396, 397 (8th Cir.) (district court not obligated during Rule 11 hearing to advise defendant of applicable Guidelines range or actual sentence defendant will receive), cert. denied, 117 S. Ct. 205 (1996).

Upon review of the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.