# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3931

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Timothy L. Morris, also known as | * | |
| Scott A. McMaster, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 2, 1998
Filed: June 5, 1998

_____

Before BOWMAN, Chief Judge, WOLLMAN, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

PER CURIAM.

During a traffic stop, Elk Point, South Dakota police sergeant Curt Muller found
controlled substances in the car Timothy L. Morris was driving.  Morris was later
charged with two counts of possessing methamphetamine and amphetamine with intent
to distribute, in violation of 21 U.S.C. § 841(a)(1) (1994).  Morris moved to suppress
evidence obtained from his vehicle.  Following a suppression hearing, the District

Court[1] concluded Muller had had a reasonable basis to stop Morris's vehicle and probable cause to search the vehicle; the Court thus denied the motion. A jury found Morris guilty of both counts, and the District Court[2] later sentenced Morris to serve 240 months of imprisonment and 10 years of supervised release, and to pay a $3,000 fine. Morris now appeals, challenging his convictions and sentence. We affirm.

Morris first challenges the District Court's refusal to suppress the evidence seized from his vehicle. We review de novo the denial of a motion to suppress, but we review findings of historical fact only for clear error. See United States v. Weinbender, 109 F.3d 1327, 1329 (8th Cir. 1997). At the suppression hearing, Muller testified that on the evening in question, he saw Morris driving a 1976 Lincoln with an attached trailer. Muller observed that the trailer's taillights were "flickering on and off," and that the trailer's license plates had expired. After Muller stopped the Lincoln, Morris was unable to produce a driver's license or vehicle registration, and Muller smelled "an odor of burnt marijuana" coming from the vehicle; Muller later noticed the smell of burnt marijuana on Morris when they entered the patrol vehicle. Based upon Muller's testimony, which the District Court credited, see United States v. Moss, 138 F.3d 742, 745 (8th Cir. 1998), we conclude the District Court did not err in denying Muller's motion to suppress, see United States v. Maza, 93 F.3d 1390, 1396 (8th Cir. 1996) (noting traffic violation provides probable cause for traffic stop), cert. denied, 117 S. Ct. 1008, and cert. denied, 117 S. Ct. 1345 (1997); United States v. Caves, 890 F.2d 87, 89-91 (8th Cir. 1989) (concluding odor of marijuana on breath and person provided probable cause for police to search vehicle without warrant).

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

[2]The Honorable John B. Jones, United States District Judge for the District of South Dakota.

Morris also argues that an informal grant of immunity barred federal prosecution, because a state assistant attorney general promised not to turn the matter over to the federal government in return for Morris's cooperation. As there is no evidence anyone had authorization to grant Morris federal immunity, this argument lacks merit. See Hendrix v. Norris, 81 F.3d 805, 807 (8th Cir. 1996) (noting that "'state prosecutors cannot bind federal prosecutors without the latter's knowledge and consent'" (quoting United States v. Fuzer, 18 F.3d 517, 520 (7th Cir. 1994)).

Next, Morris challenges the jury's finding that controlled substances were involved. During the trial, two forensic chemists testified for the government that the substances seized from Morris's car were marijuana, amphetamine, and methamphetamine. Based upon their testimony, we believe a reasonable jury could find the recovered substances were controlled substances, and we conclude that the District Court did not err by denying the motion to set aside the jury's verdict. See United States v. Baker, 98 F.3d 330, 338 (8th Cir. 1996), cert. denied, 117 S. Ct. 1456 (1997); Nicks v. Missouri, 67 F.3d 699, 704 (8th Cir. 1995).

We also reject Morris's argument that the District Court erred by enhancing his sentence under 21 U.S.C. § 841(b)(1)(A) (1994), which requires a 20-year minimum sentence when, as relevant here, the offense involves 100 or more grams of methamphetamine and the defendant has a prior felony drug conviction. Specifically, Morris takes issue with the Court's reliance on his prior felony drug conviction, because he maintains that it did not result from an indictment. In support, Morris cites 21 U.S.C. § 851(a) (1994), which prohibits the government from filing an information to enhance a defendant's sentence if the increased punishment is for a term in excess of three years unless a defendant "waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed." We have previously held, however, that this requirement concerning waiver of indictment or prosecution by indictment applies to the instant offense, not a prior offense. See United States v. Trevino-Rodriguez, 994 F.2d 533, 536 (8th Cir. 1993). Although Morris

asserts an ineffective-assistance-of-counsel claim, we decline to address this claim as it should be raised in a 28 U.S.C. § 2255 (1994) action. <u>See</u> <u>United States v. Brandt</u>, 113 F.3d 127, 128 (8th Cir. 1997). After carefully reviewing Morris's remaining arguments, some of which are raised for the first time on appeal, we conclude they are meritless. Accordingly, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.