# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2534

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Gary Ivan Garrett, also known as | * | [UNPUBLISHED] |
| G-Rocc, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: August 4, 1998

Filed: August 10, 1998

_____

Before RICHARD S. ARNOLD, FAGG, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

Gary Ivan Garrett pleaded guilty to two counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Prior to sentencing, Garrett moved to withdraw his guilty plea, arguing that his counsel erroneously informed him of the potential penalty and misrepresented the substance of an adverse witness's proffer of testimony against him. The district court[1] denied Garrett's motion to withdraw and

_____

[1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

sentenced him to 188 months' imprisonment and six years' supervised release on each count, to run concurrently. On appeal, appointed counsel moved to withdraw and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Garrett has filed a pro se supplemental brief. We affirm.

Counsel first argues that at the change-of-plea hearing the district court failed to advise Garrett of the applicable minimum penalty or of the right to have counsel at trial; to inquire whether the willingness to plead guilty resulted from prior discussions with the government; and to require disclosure of the plea agreement in open court. The charges to which Garrett pleaded guilty did not carry a statutory minimum penalty, however, and the material terms of the plea agreement were disclosed. We also conclude that any other deviations the district court made from the dictates of Federal Rule of Criminal Procedure 11 amounted to only harmless error. See Fed. R. Crim. P. 11(h).

Counsel further argues that the district court erred in not allowing Garrett to withdraw his plea. We disagree. The district court did not abuse its discretion in denying Garrett permission to withdraw the plea, as he did not present a fair and just reason for doing so. See Fed. R. Crim. P. 32(e) (court may permit defendant to withdraw plea if defendant shows "any fair and just reason"); United States v. McNeely, 20 F.3d 886, 888 (8th Cir.) (per curiam) (standard of review), cert. denied, 513 U.S. 860 (1994); see also United States v. Morales, 120 F.3d 744, 747-49 (8th Cir. 1997) (to be proper basis for withdrawing plea, defendant's mistaken belief must go to understanding of charged offense, not to strength of government's case); cf. United States v. Bond, 135 F.3d 1247, 1248-49 (8th Cir.) (per curiam) (counsel's erroneous estimate of potential Guidelines sentence was not fair and just reason to withdraw guilty plea), cert. denied, 118 S. Ct. 2388 (1998).

Counsel also contends that Garrett was deprived of his right to counsel; that the district court violated Federal Rule of Criminal Procedure 32 by failing to rule on

unresolved objections to the presentence report (PSR); and that the court further violated Rule 32 when it failed to verify that counsel and Garrett had discussed the PSR and failed to allow counsel a reasonable opportunity to comment on it. We reject all of these arguments as well. Garrett was represented by counsel until the sentencing hearing, at which time the court granted Garrett's request to proceed pro se. See Faretta v. California, 422 U.S. 806, 821, 835 (1975). Moreover, the objection Garrett raised pro se at sentencing did not affect his Guidelines range, and he received the lowest possible sentence under the range. See United States v. Day, 998 F.2d 622, 626 (8th Cir. 1993) ("sentencing hearings demand much less specialized knowledge than trials" for pro se litigant), cert. denied, 511 U.S. 1130 (1994). Finally, we see no Rule 32 violation. Nothing in the record indicates that Garrett or counsel had not discussed the PSR, see United States v. Rangel-Arreola, 991 F.2d 1519, 1524-25 (10th Cir. 1993); as to the one objection Garrett raised at sentencing, see McCumber v. United States, 30 F.3d 78, 80 (8th Cir. 1994) (per curiam), the record indicates that the court elected not to consider the disputed matter, see Fed. R. Crim. P. 32(c)(1); and before he was discharged, counsel had ample opportunity to, and did, object to the PSR.

As to Garrett's pro se arguments, we conclude that by entering a valid guilty plea he waived his arguments that his speedy-trial rights were violated; that he was denied the right to inspect, copy, or photograph relevant statements he had made; and that the court erred in denying a motion to sever his case from that of his co-defendants. See United States v. Schmitz, 887 F.2d 843, 844 (8th Cir. 1989) (per curiam) (guilty plea waives all non-jurisdictional defects). We further conclude that Garrett's argument that the court erred in not providing a "Bill of Particulars" is meritless; we decline to address his selective-prosecution argument, which is raised for the first time on appeal, see United States v. Dixon, 51 F.3d 1376, 1383 (8th Cir. 1995); and his ineffective-assistance-of-counsel claims should be brought in a 28 U.S.C. § 2255 proceeding where a proper record may be developed, see United States v. Mitchell, 136 F.3d 1192, 1193 (1998).

We have conducted a de novo review of the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and have found no nonfrivolous issues.  Therefore, we grant counsel's motion to withdraw and deny Garrett's outstanding motions.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.