# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1031EM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Jeffrey Todd Blackwell, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 14, 1998
Filed: October 8, 1998

_____

Before McMILLIAN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Jeffrey Todd Blackwell pleaded guilty to possessing with intent to distribute 50 grams or more of crack and to being a felon in possession of a firearm. The district court sentenced Blackwell as a career offender to concurrent prison terms and supervised release. Blackwell appeals his conviction and sentence. Counsel filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), and Blackwell filed a pro se brief.

We reject counsel's argument that the district court abused its discretion in refusing to allow Blackwell to withdraw his guilty plea because Blackwell

misunderstood the prison sentences he faced.  When the district court properly informs a defendant of the maximum statutory penalties, as it did here, counsel's mistaken estimation of a defendant's sentence is not a fair and just reason to withdraw a guilty plea and does not render the plea involuntary.  See United States v. Bond, 135 F.3d 1247, 1248-49 (8th Cir.) (per curiam), cert. denied, 1998 W. 289850 (U.S. June 26, 1998) (No. 97-9277).

We also reject Blackwell's pro se arguments.  Blackwell was properly sentenced as a career offender based on his earlier drug and burglary convictions.  See U.S. Sentencing Guidelines Manual § 4B1.1. (1997); United States v. Reynolds, 116 F.3d 328, 329-30 (8th Cir. 1997).  Additionally, we conclude the district court's drug-quantity  determination is not clearly erroneous.  See United States v. Hiveley, 61 F.3d 1358, 1362 (8th Cir. 1995) (per curiam) (standard of review).  Blackwell stipulated in his plea agreement that the substance in his possession was crack, and he also stipulated the money in his possession was drug proceeds.  Finally, we decline to consider Blackwell's claim of ineffective assistance of counsel on direct appeal.  See United States v. Brant, 113 F.3d 127, 128 (8th Cir. 1997).

After careful review of the record, we find no other nonfrivolous issues.  See Penson v. Ohio, 488 U.S. 75, 80 (1988).  We thus affirm Blackwell's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-