# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2834

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Kenny Wade Rucker, also known as | * | |
| Michael Ray Jones, | * | [Not To Be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 16, 1999
Filed: August 16, 1999

_____

Before RICHARD S. ARNOLD, MORRIS SHEPPARD ARNOLD, and MURPHY,
 Circuit Judges.

_____

PER CURIAM.

Kenny Wade Rucker pleaded guilty to possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He asserted at sentencing that he had asked to withdraw his guilty plea because he was not "comfortable" with the plea agreement, he had been nervous and scared, he had received ineffective assistance of counsel, the government had not proved he possessed crack, and he had been told he

would not get an obstruction-of-justice enhancement. The District Court[1] noted Rucker had received effective representation, and sentenced him to sixteen years and four months' imprisonment, and five years' supervised release. On appeal, appointed counsel moved to withdraw and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Rucker has filed a pro se supplemental brief. We affirm.

The Anders brief challenges the District Court's refusal to grant Rucker's pro se motion to withdraw his guilty plea before sentencing, and Rucker's brief argues that his plea was not knowing and voluntary. We conclude the District Court did not abuse its discretion by refusing to allow Rucker to withdraw his plea in these circumstances. See Fed. R. Crim. P. 32(e) (District Court may permit withdrawal of guilty plea upon showing of "any fair and just reason"); United States v. Morales, 120 F.3d 744, 747-48 (8th Cir. 1997) (to be proper basis for withdrawing plea, defendant's mistaken belief must go to understanding of charged offense, not to strength of government's case); United States v. Prior, 107 F.3d 654, 657 (8th Cir.) (standard of review; when determining whether to permit withdrawal of guilty plea, court considers whether defendant asserted innocence, length of time between guilty plea and motion to withdraw, and prejudice to government), cert. denied, 118 S. Ct. 84 (1997); United States v. Yell, 18 F.3d 581, 582-83 (8th Cir. 1994) (defendant must show justification for withdrawing plea; claim that defendant was under mental stress when he pleaded guilty did not warrant withdrawal of plea); cf. United States v. Vest, 125 F.3d 676, 679 (8th Cir. 1997) (to prove plea was not knowing and voluntary, defendant must show he did not make voluntary and intelligent choice; transcripts showed that defendant understood consequences of guilty pleas and entered them voluntarily).

We conclude Rucker's remaining pro se arguments are foreclosed by his guilty plea, see Walker v. United States, 115 F.3d 603, 604 (8th Cir. 1997), are clearly

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

without merit and do not warrant further discussion, or should be raised in a 28 U.S.C. § 2255 action, see <u>United States v. Brandt</u>, 113 F.3d 127, 128 (8th Cir. 1997).

Upon review of the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.