# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1542

_____

United States of America,          *
                                  *

          Appellee,          *
                                  *   Appeal from the United States

      v.                    *   District Court for the
                                  *   District of Minnesota.

Lonnie Partlow,              *   [UNPUBLISHED]
                                  *

          Appellant.        *

_____

Submitted: December 20, 1999
Filed: December 22, 1999

_____

Before WOLLMAN, Chief Judge, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

After Lonnie Partlow pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), the district court[1] sentenced him to 180 months imprisonment and five years supervised release. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising four issues: whether the district court erred in (1) denying Partlow's motion to suppress evidence obtained, and statements he made to police, during a search; (2) sentencing him as an armed career

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

criminal without requiring the government to prove that his prior convictions qualified as predicate offenses; (3) failing to grant Partlow a downward departure based on his diminished mental capacity; and (4) failing to determine the voluntariness of his state court guilty pleas to the predicate felonies.

We conclude that these arguments lack merit. Because there is no indication in the record before us that Partlow entered into a conditional guilty plea, preserving the right to appeal the denial of his suppression motion, we conclude he waived the right to appeal the issue. See Fed. R. Crim. P. 11(a)(2); United States v. Jennings, 12 F.3d 836, 839 (8th Cir. 1994); United States v. Stewart, 972 F.2d 216, 217-18 (8th Cir. 1992).

We conclude Partlow's arguments that the government failed to prove his prior convictions were predicate offenses, and that the district court failed to determine the validity of those convictions, also are without merit: Partlow stipulated in the plea agreement that he was subject to the armed-career-criminal enhancement and to the resulting base offense level, and he failed to contest these stipulations at sentencing. See United States v. Early, 77 F.3d 242, 244 (8th Cir. 1996) (per curiam); United States v. Fritsch, 891 F.2d 667, 668 (8th Cir. 1989).

Finally, we need not address Partlow's contention that the district court erred in not departing downward, because even assuming he had raised this argument below, the district court could not have departed below the statutory minimum. See United States v. Williams, 994 F.2d 1287, 1294 (8th Cir. 1993); United States v. Rudolph, 970 F.2d 467, 470 (8th Cir. 1992), cert. denied, 506 U.S. 1069 (1993).

In accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have reviewed the record for any nonfrivolous issues and have found none.

A true copy.

Attest:

CLERK,  U.S.  COURT  OF  APPEALS,  EIGHTH  CIRCUIT.