# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1252

_____

United States of America,        *
           *

      Appellee,        *   Appeal from the United States
           *   District Court for the
   v.              *   District of Minnesota.
           *

Jon A. Blackhawk,        *     [UNPUBLISHED]
           *

      Appellant.     *

_____

Submitted:  October 6, 2000
Filed:   November 6, 2000

_____

Before BOWMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Jon Blackhawk unconditionally pleaded guilty to a one-count information charging him with receiving and possessing a stolen firearm, in violation of 18 U.S.C. § 922(j).  The district court[1] sentenced him to 108 months imprisonment and two years supervised release.  On appeal, counsel has filed a brief and moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and Blackhawk has filed a pro se supplemental brief.  For the reasons discussed below, we affirm.

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

First, Blackhawk's failure to attempt to withdraw his guilty plea below precludes him from challenging the voluntariness of his plea in this appeal. See United States v. Bond, 135 F.3d 1247, 1249 (8th Cir.) (per curiam) (this court need not address plea-withdrawal claim which defendant did not present to district court), cert. denied, 524 U.S. 961 (1998); United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990) (claim of involuntary guilty plea "first must be presented to the district court and [is] not cognizable on direct appeal"). Indeed, we note that the district court provided Blackhawk ample opportunity to withdraw his plea, which he declined. Second, his related claim of ineffective assistance of counsel should be presented in postconviction proceedings. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998) (claim that ineffective assistance of counsel tainted defendant's guilty plea, justifying plea withdrawal, should be raised in 28 U.S.C. § 2255 motion, not direct appeal).

Third, Blackhawk's unconditional guilty plea foreclosed his challenge to the search and seizure of evidence. See United States v. Jennings, 12 F.3d 836, 839 (8th Cir. 1994) (declining to address search-and-seizure claims where defendant entered into unconditional guilty plea, which waived all nonjurisdictional challenges to his conviction); United States v. Stewart, 972 F.2d 216, 217-18 (8th Cir. 1992) (unconditional guilty plea precludes appellate challenge to validity of search warrant; defendant who pleads guilty waives all nonjurisdictional defenses, including claims regarding search and seizure). Finally, although Blackhawk claims that he should not have been charged as an armed career criminal in the indictment, this did not prejudice him because he instead pleaded guilty to an information which did not charge him as an armed career criminal.

We have reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and we have found no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.