# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3742

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Cecil Brimmage, | * | Eastern District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: July 24, 2001
Filed: August 16, 2001

_____

Before WOLLMAN, Chief Judge, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

After Cecil Brimmage pleaded guilty to conspiring to possess heroin with intent to distribute, in violation of 21 U.S.C. § 846, the district court[1] sentenced him to 13 months imprisonment and 3 years supervised release. On appeal, Brimmage's counsel has filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967), and Brimmage has filed a pro se supplemental brief requesting substitute counsel.

---

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

We reject each of the issues raised on appeal. Brimmage's failure to attempt to withdraw his guilty plea below precludes him from challenging its voluntariness in this appeal, see United States v. Bond, 135 F.3d 1247, 1249 (8th Cir.) (per curiam) (this court need not address plea-withdrawal claim which defendant did not present to district court), cert. denied, 524 U.S. 961 (1998); United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990) (claim of involuntary guilty plea "first must be presented to the district court and [is] not cognizable on direct appeal"); his intertwined ineffective-assistance claim should be presented in postconviction proceedings, see United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998) (claim that ineffective assistance of counsel invalidated defendant's guilty plea should be raised in 28 U.S.C. § 2255 motion, not direct appeal); and the issue of the voluntariness of Brimmage's statement to police was foreclosed by his unconditional guilty plea, see United States v. Stewart, 972 F.2d 216, 217-18 (8th Cir. 1992) (defendant who unconditionally pleads guilty waives all nonjurisdictional defenses).

We have reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), and we have found no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, grant Brimmage's counsel's motion to withdraw, and deny Brimmage's request for new counsel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-