# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2236

_____

United States of America,          *
                                  *

           Appellee,          *
                                  *   Appeal from the United States

     v.                     *   District Court for the Western
                                  *   District of Arkansas.

Antonio Triplett,            *
                                  *      [UNPUBLISHED]

          Appellant.       *

_____

Submitted: November 1, 2001
Filed: November 5, 2001

_____

Before BOWMAN, LOKEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Antonio Triplett appeals his conviction, upon his guilty plea, for possessing with intent to distribute more than five grams of cocaine base. See 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (1994). The District Court[1] sentenced him to 200 months' imprisonment and four years' supervised release. Triplett's counsel has filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967). Triplett has filed a "Motion to Withdraw, With Prejudice, the Impending Direct Appeal," in which he argues his plea was coerced, he did not know the nature of the charge or that the

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

sentence he received could be imposed, he did not receive the sentence concessions contemplated by his plea agreement, and his counsel was ineffective. We do not believe that Triplett actually wishes to forego his right to appeal, and thus we will liberally construe his motion as a pro se supplemental brief.

Any complaints Triplett has about his counsel's performance should be presented in 28 U.S.C. § 2255 proceeding, see United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998), and he cannot claim on appeal that his guilty plea was involuntary after declining to move to withdraw his plea in the District Court, cf. United States v. Bond, 135 F.3d 1247, 1249 (8th Cir.) (per curiam) (holding that this court need not address guilty-plea claim which defendant withdrew at sentencing hearing), cert. denied, 524 U.S. 961 (1998). Triplett was adequately advised of the nature of the charge and the sentence he could receive, and his sentence did not violate his plea agreement.

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.