# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1579

_____

United States of America

*Plaintiff - Appellee*

v.

Marco D. Whitley, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: October 25, 2016
Filed: November 14, 2016
[Unpublished]

_____

Before LOKEN, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Marco Whitley appeals after he pleaded guilty to being a felon in possession of a firearm and the District Court[1] varied upward, sentencing him to an above-

---

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

Guidelines-range prison term. His counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the denial of a motion to suppress and the application of a sentencing enhancement that increased the calculated Guidelines imprisonment range. Whitley has filed a pro se brief arguing that the court erred by varying upward without notice, which he claims was required under Rule 32(h) of the Federal Rules of Criminal Procedure. He has also moved for appointment of counsel.

We conclude that counsel's first argument challenging the denial of the suppression motion asserts a non-jurisdictional defect or error that was waived by Whitley's valid guilty plea. See United States v. Staples, 435 F.3d 860, 864 (8th Cir.) (noting that a defendant waives all non-jurisdictional defects or errors by entering a valid guilty plea), cert. denied, 549 U.S. 862 (2006); United States v. Stewart, 972 F.2d 216, 218 (8th Cir. 1992) (declining to consider the denial of a suppression motion where the defendant entered a guilty plea). We further conclude there is no merit to Whitley's pro se argument because Rule 32(h) requires notice for a departure, not for a variance. See Fed. R. Crim. P. 32(h) (stating that a court "must give the parties reasonable notice" before it may depart from the applicable sentencing range); United States v. Foy, 617 F.3d 1029, 1035 (8th Cir. 2010) ("As the district court correctly noted, however, it was not required to provide advance notice of its intent to vary upwardly."), cert. denied, 562 U.S. 1236 (2011).

As to counsel's second argument, we conclude that any error in applying the sentencing enhancement was harmless in light of the District Court's statement at the sentencing hearing that it would have imposed the same sentence even if it had sustained all of Whitley's objections. We note that this was the only objection substantively discussed at the sentencing hearing; that the addendum to the presentence investigation report clearly and accurately reported what the alternative Guidelines range would have been if the court had sustained the objection; and that the court discussed the § 3553(a) factors, indicating that it believed the sentence

imposed was appropriate regardless of the applicable Guidelines range.  See Molina-Martinez v. United States, 136 S. Ct. 1338, 1345 (2016) (noting that an error in calculating a Guidelines range may not result in "a reasonable probability of prejudice" where the record demonstrates "that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range").

Finally, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found no nonfrivolous issues for appeal.  The judgment is affirmed, counsel's motion to withdraw is granted, and Whitley's motion for appointment of counsel is denied as moot.

———————————————