# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1905

_____

United States of America

*Plaintiff - Appellee*

v.

Joel Bremer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 28, 2017
Filed: December 8, 2017
[Unpublished]

_____

Before GRUENDER, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Joel Bremer appeals from the sentence the District Court[1] imposed after he pleaded guilty to possession of child pornography. His counsel has moved to

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

withdraw and has filed a brief citing <u>Anders v. California</u>, 386 U.S. 738 (1967), acknowledging the appeal waiver in Bremer's plea agreement, and otherwise challenging the reasonableness of Bremer's sentence. Bremer has filed a supplemental brief asserting that his attorney did not call his witnesses and misled him in advising him to plead guilty.

To the extent that Bremer argues that his plea was not knowing and voluntary because counsel misled him, we conclude that the challenge is unavailing. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review). Bremer stated at the plea hearing that he understood the terms of the agreement, including the appeal waiver; that he understood that the United States Sentencing Guidelines estimate was not binding on the court; and that he entered into the guilty plea willingly. <u>See</u> <u>United States v. Bond</u>, 135 F.3d 1247, 1248 (8th Cir.) (per curiam) ("A defense counsel's erroneous estimate of a guidelines sentence does not render an otherwise voluntary plea involuntary."), <u>cert. denied</u>, 524 U.S. 961 (1998); <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997) (noting that "the defendant's representations during the plea-taking carry a strong presumption of verity"). Because the appeal waiver is valid, we further conclude that counsel's challenge to the sentence is barred, as it falls within the scope of the waiver. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889–92 (8th Cir.) (en banc) (discussing enforcement of appeal waivers), <u>cert. denied</u>, 540 U.S. 997 (2003). To the extent Bremer has raised ineffective-assistance-of-counsel claims that require development of matters outside the record, we do not address them in this direct appeal. <u>See</u> <u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 826–27 (8th Cir. 2006).

Finally, we have independently reviewed the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and we find no nonfrivolous issues. We enforce the appeal waiver as to the sentencing issue, grant counsel's motion to withdraw, and otherwise affirm.

———————————————————