# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-3729

———————————————

United States of America

*Plaintiff - Appellee*

v.

Tracie Lynne Walberg

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of North Dakota - Eastern

——————————

Submitted: March 17, 2021
Filed: March 22, 2021
[Unpublished]

——————————

Before GRUENDER, WOLLMAN, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Tracie Walberg appeals the sentence the district court[1] imposed upon revoking her supervised release. Her counsel has moved to withdraw and has filed a brief

———————————————

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

challenging the sentence as unreasonable. Walberg has filed a pro se supplemental brief, in which she alleges counsel was ineffective, discusses various factors regarding her background, and requests a sentence reduction. She has also filed a motion for the appointment of new counsel.

As an initial matter, we decline to consider Walberg's claim of ineffective assistance of counsel in this appeal. *See United States v. Brandt*, 113 F.3d 127, 128 (8th Cir. 1997) (explaining that, except in unusual circumstances, claims of ineffective assistance are not considered on direct appeal but instead by way of a 28 U.S.C. § 2255 action). Furthermore, having reviewed the record and the arguments, we conclude the district court did not impose an unreasonable sentence. The district court sufficiently considered the relevant statutory sentencing factors and did not give significant weight to an improper factor or commit a clear error of judgment. *See* 18 U.S.C. §§ 3553(a), 3583(e); *United States v. Miller*, 557 F.3d 910, 917 (8th Cir. 2009) (standard of review); *see also United States v. Richart*, 662 F.3d 1037, 1054 (8th Cir. 2011) (concluding a mere disagreement with how the district court weighed factors is insufficient to demonstrate an abuse of discretion); *United States v. Keating*, 579 F.3d 891, 893 (8th Cir. 2009) (concluding a district court is presumed to have considered factors on which it heard argument). The sentence, moreover, was within the applicable policy statement range in the United States Sentencing Guidelines Manual, *see United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008), and below the statutory limits, *see* 18 U.S.C. § 3583(b)(1), (e)(3), (h).

Accordingly, we affirm the judgment, we grant counsel's motion to withdraw, and we deny as moot Walberg's motion for the appointment of new counsel.

_____