# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4135

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *  Appeal from the United States |
| v. | *  District Court for the |
| | *  District of Minnesota |
| Indalecio Arellano, | * |
| | * |
| Appellant. | * |

_____

Submitted:  May 9, 2000

Filed:  May 23, 2000

_____

Before McMILLIAN, JOHN R. GIBSON and BEAM, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Indalecio Arellano appeals from a final judgment entered in the District Court[1] for the District of Minnesota finding him guilty, pursuant to a written plea agreement, of aiding and abetting possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2, and possession of an unregistered destructive device, in violation of 26 U.S.C. §§ 5845(f), 5861(d).  The district court sentenced him to a total of 121 months imprisonment, 5 years supervised

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

release, and a special assessment of $200.00. For reversal, defendant argues on the merits that the district court erred in denying his motion to suppress evidence obtained as a result of an unlawful search of his apartment. He also argues that the good faith exception does not apply. For the reasons discussed below, we affirm the judgment of the district court.

The district court had original federal criminal jurisdiction over this matter pursuant to 18 U.S.C. § 3231; this court has appellate jurisdiction over the final decision of the district court pursuant to 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(b).

In October 1998 a federal grand jury charged defendant and his niece, Aurora Melgarejo-Arellano, with conspiracy to distribute and possess with intent to distribute methamphetamine, possession with intent to distribute methamphetamine, and possession of a destructive device. Each defendant filed motions to suppress evidence (the niece also filed motions to sever counts and defendants). After a hearing, the magistrate judge[2] recommended that the motions to suppress be denied (as well as the motions to sever). The magistrate judge found that the search warrant for defendant's apartment was not supported by probable cause but that the United States v. Leon[3] exception applied because the executing officers had relied in objective good faith on a facially valid warrant. Defendant filed objections to the recommendation that the motion to suppress be denied. The district court conducted a de novo review, adopted the magistrate judge's report and recommendation, and denied the motion to suppress.

_____

[2]The Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota.

[3]468 U.S. 897 (1984).

On April 6, 1999, the day that trial was scheduled to begin, defendant entered a guilty plea to the possession with intent to distribute methamphetamine charge (count II) and the possession of a destructive device charge (count III), pursuant to a written plea agreement. The plea agreement did not preserve any right to appeal pretrial motions pursuant to Fed. R. Crim. P. 11(a)(2).[4] The plea agreement contained a waiver of defendant's right to appeal his sentence, so long as it was within the guideline sentencing range contemplated by the parties, that is, below 188 months. At the guilty plea hearing, in the context of discussing the sentencing waiver, the following exchange occurred between the district court and defense counsel:

> THE COURT: [Counsel], have you reviewed the appellate rights issue with your client, and are you satisfied that this waiver is appropriate in this case?
>
> [DEFENSE COUNSEL]: Your honor, I have reviewed the appellate rights with my client . . . and both on the sentencing and also more specifically about an issue that I discussed with the U.S. Attorney as well. More specifically, [defendant] had a question about preserving his right to appeal the suppression motion. I've offered that as a negotiation, to try to have the U.S. Attorney preserve that issue for appeal
>
> I have indicated to [defendant] that the government is unwilling to preserve the issue for appeal. And as a consequence, that he waives his right to appeal the suppression by pleading guilty today.

---

[4]Fed. R. Crim. P. 11(a)(2) provides:

> **Conditional Pleas.** With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

So in answer to Your Honor's question, yes, I have reviewed both the sentencing appellate rights and the issue that was raised by way of a pretrial motion as well, and I'm satisfied that [defendant] understands both waivers, and that he's willing to forge ahead, Your Honor.

THE COURT: And in light of the agreement being reached, it's in his best interests, in your view, to waive the appellate rights?

[DEFENSE COUNSEL]: It is, Your Honor.

Guilty plea transcript at 14-15.

And later the district court and defendant had the following discussion about the guilty plea and the waiver of defendant's right to appeal the pretrial rulings:

THE COURT: A matter that you and [defense counsel] have talked about, you also do have the right to challenge the evidence that the government has and is prepared to use against you. Typically that's done before trial on a motion to suppress evidence. When you plead guilty, however, you're giving up forever your right to challenge the evidence, and you're in effect agreeing that the government can use that evidence against you.

Now, do you understand, . . . that by entering a plea of guilty, if the Court accepts that plea, then there's going to be no trial, and you will have waived, or given up your right to a trial, as well as all of the associated rights that I have described today for you?

[DEFENDANT]: Yes, I understand.

THE COURT: And is it your intent to move forward today to enter a plea of guilty?

[DEFENDANT]: Yes.

Id. at 20. The next day, April 7, 1999, the government dismissed the charges against defendant's niece.

The pre-sentence report calculated defendant's offense level at 32 and his criminal history category at III, for a guideline sentencing range of 151-188 months. The district court granted defendant a downward departure on the ground that category III overstated the seriousness of his prior criminal history. On November 9, 1999, the district court sentenced sentenced defendant to a total of 121 months imprisonment, 1 month over the 120-month mandatory minimum sentence, 5 years supervised release, and a special assessment of $200.00. This appeal followed.

For reversal, defendant argues that the district court erred in denying his motion to suppress evidence seized from his apartment. He argues that there was no reasonable suspicion for the police to stop and search his vehicle, there was no probable cause for his arrest or to search his apartment, there were no exigent circumstances to justify the warrantless entry of his apartment, and the incriminating character of the possible explosive device was not immediately apparent. He also argues that the district court erred in applying the good faith exception because the issuing magistrate was misled by material omissions and misrepresentations in the search warrant affidavit that the affiant knew were false or would have known were false except for her reckless disregard for the truth.

We do not reach the merits of defendant's suppression argument because defendant waived the right to appeal the denial of his motion to suppress. He did not enter a conditional guilty plea reserving the right to appeal the denial of his motion to suppress. "It is well established in this Circuit that a defendant who pleads guilty waives all nonjurisdictional defenses." United States v. Stewart, 972 F.2d 216, 217 (8th Cir. 1992); see also Smith v. United States, 876 F.2d 655, 657 (8th Cir.) (waiver includes claims regarding search and seizure), cert. denied, 493 U.S. 869 (1989). It is clear from the record that the government had refused to consent to a conditional guilty

plea and that, before defendant entered his plea, he was advised by defense counsel and the district court that his plea was not conditional and that it would result in a waiver of his right to appeal the denial of his motion to suppress.

However, defendant argues that his waiver of the right to appeal was not valid. He argues that the district court's statements during the sentencing hearing reasonably led him to believe that he could appeal his conviction, including adverse determinations of his pretrial motions. Defendant relies upon United States v. Buchanan, 59 F.3d 914 (9th Cir.), cert. denied, 516 U.S. 970 (1995), in support of this argument. Defendant also argues that his waiver was not voluntary because it was induced in part by the government's offer to dismiss the charges against his niece.

We hold that defendant's waiver was valid. We look to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant knowingly and voluntarily agreed to its terms. See Lindner v. Wyrick, 644 F.2d 724, 728 (8th Cir.), cert. denied, 454 U.S. 872 (1981). As noted above, before he entered his plea, defendant was advised by defense counsel and the district court that his plea was not conditional and that it would result in a waiver of his right to appeal the denial of his motion to suppress.

In addition, this court has declined to adopt the reasoning of United States v. Buchanan. See United States v. Michelsen, 141 F.3d 867, 872 (8th Cir.), cert. denied, 525 U.S. 942 (1998). In United States v. Buchanan the Ninth Circuit held that the defendant had a reasonable expectation that he could appeal his sentence, despite the contrary indication in the written plea agreement, based on the district court's oral statement at sentencing that he had a right to appeal his sentence. See 59 F.3d at 917-18. We reasoned instead that "[a]ny statement by the court at the sentencing hearing could not have affected [the defendant's] decision, made nearly three months earlier, to plead guilty and waive his appellate rights." United States v. Michelsen, 141 F.3d at 872. In the present case, the record clearly shows that the district court's

statements during the sentencing hearing could not have reasonably led defendant to expect that he could appeal the denial of his motion to suppress. The district court advised defendant that he could appeal his conviction if his "guilty plea was somehow unlawful, or it was involuntary, or there was some other fundamental defect in all of these proceedings that wasn't waived by the fact that you have pled guilty." Sentencing transcript at 22. In any event, the district court's statements advising defendant about his right to challenge the validity of his guilty plea could not unilaterally revoke the earlier waiver of his right to appeal the denial of his motion to suppress. See United States v. Michelsen, 141 F.3d at 872.

Finally, defendant's plea was not involuntary because it was induced in part by the government's offer to dismiss the charges against his niece. See, e.g., United States v. Vest, 125 F.3d 676, 680 & n.6 (8th Cir. 1997) (holding guilty plea was not involuntary even though induced by promise of leniency to defendant's brothers as long as government acted in good faith based upon probable cause to file charges against or to prosecute them), cert. denied, 120 S. Ct. 548 (1999).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.