# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1143

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Raul Sanchez-Flores, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 29, 2003
Filed: August 5, 2003

_____

Before BOWMAN, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Raul Sanchez-Flores entered an unconditional guilty plea, pursuant to a written plea agreement, to possessing with the intent to distribute 500 grams or more of a methamphetamine mixture. See 21 U.S.C. §§ 841(a)(1), (b)(1) (2000). The District Court[1] sentenced him to eighty-seven months of imprisonment and five years of supervised release. On appeal, Sanchez-Flores's counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738, 744 (1967). Sanchez-

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Flores has filed a supplemental brief. For the reasons discussed below, we grant counsel's motion to withdraw, and we affirm.

Counsel argues that Sanchez-Flores's sentence is too severe in light of his background and lack of prior felonies. This argument fails. The District Court sentenced Sanchez-Flores at the bottom of a sentencing range to which he did not object, and which resulted from his plea-agreement stipulations. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (holding that "[a] defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal").

Sanchez-Flores's pro se arguments also fail. First, his entry of an unconditional guilty plea waived any argument that the District Court erred in denying his motion to suppress. See United States v. Arrellano, 213 F.3d 427, 430 (8th Cir. 2000). Second, unless the District Court has abused its discretion in imposing the sentence (which it has not), a mere disparity between his and his codefendant's sentences does not warrant resentencing. See United States v. Skorniak, 59 F.3d 750, 758 (8th Cir.), cert. denied, 516 U.S. 980 (1995). Finally, his ineffective-assistance claim should be raised in a 28 U.S.C. § 2255 motion and not in this direct criminal appeal. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998).

We have conducted our own careful review of the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), and we have found no nonfrivolous issues. Thus, we grant counsel's motion to withdraw, and we affirm.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.