# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 03-1310/2981

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Steven Richard Young, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  September 5, 2003
Filed:  September 10, 2003

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, Steven Richard Young appeals from the sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846 (Appeal No. 03-1310), and from the district court's order subsequently denying his pro se request for information (Appeal No. 03-2981).  We affirm in each appeal.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

At sentencing the government moved for a substantial-assistance departure. The district court granted the motion, reducing Young's sentencing range by 35%, and sentencing him to 173 months imprisonment and 5 years supervised release. In Appeal No. 03-1310, Young's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the district court instead should have reduced Young's sentence by 50% given his "super acceptance of responsibility." The district court's decision not to depart further, however, is unreviewable. See United States v. Dutcher, 8 F.3d 11, 12 (8th Cir. 1993).

In a supplemental pro se brief, Young also raises a number of pro se arguments, each of which fails: (1) Young's unconditional guilty plea forecloses his illegal-search and involuntary-confession arguments, as well as his contention that the government used information he provided during his cooperation to indict him on more serious charges, see United States v. Arrellano, 213 F.3d 427, 430 (8th Cir. 2000); (2) his related argument that his cooperation information should not have been used to calculate his sentence is foreclosed by his plea-agreement stipulations, see United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995); (3) during the plea hearing the magistrate judge adequately apprised him that the court would have to consider the applicable Guidelines and could depart under certain circumstances; (4) the district court was not required to consider Young's pro se departure motion, because he was represented, see United States v. Agofsky, 20 F.3d 866, 872 (8th Cir.), cert. denied, 513 U.S. 909 (1994); (5) his codefendant's guilty plea to a lesser charge did not invalidate his own indictment under Federal Rule of Criminal Procedure 7; and (6) the alleged defects in counsel's representation are not properly raised in this direct criminal appeal, see United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995).

We have reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues. Accordingly, the judgment in Appeal No. 03-1310 is affirmed. We also grant counsel's motion to withdraw. We make no ruling, however, on Young's motion for correction of sentence and his

related motion for appointment of counsel, both of which he directed to the district court after he filed Appeal No. 03-1310, but which were forwarded to this court. We therefore remand these motions for docketing and rulings in the district court.

As to Appeal No. 03-2981, we find the district court did not err in denying Young's motion for copies of the sentencing documents of individuals connected to his case. See United States v. Skorniak, 59 F.3d 750, 758 (8th Cir.), cert. denied, 516 U.S. 980 (1995); United States v. Eagle, 586 F.2d 1193, 1197 (8th Cir. 1978).

Accordingly, we affirm in both appeals.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.