# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2973

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Lionel Cawthon, also known as | * | [UNPUBLISHED] |
| Spooks, also known as Lil 'Spook, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  February 10, 2004

Filed:   February 17, 2004

_____

Before MELLOY, FAGG, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

The Government charged Lionel Cawthon with conspiracy to distribute more than fifty grams of crack cocaine, possession with intent to distribute more than fifty grams of crack cocaine, and forfeiture of $3360 in currency. After the district court[*] denied Cawthon's motion to suppress, Cawthon unconditionally pleaded guilty to the conspiracy and forfeiture charges. Cawthon now appeals asserting the district court

_____

[*]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

should have granted his suppression motion. A guilty plea waives an earlier denial of a suppression motion unless the Government and the court agree to permit the defendant to enter a conditional guilty plea that preserves in writing the issue for appeal. See Fed. R. Crim. P. 11(a)(2); United States v. Arrellano, 213 F.3d 427, 430 (8th Cir. 2000). Here, there was no written agreement that Cawthon's guilty plea was conditional. By unconditionally pleading guilty, Cawthon waived all nonjurisdictional defenses, including claims about search and seizure. Id. Cawthon does not argue his waiver was invalid. See id. We thus affirm the district court.

_____