# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3559

_____

United States of America,

    Plaintiff - Appellee,

v.

Jim Guy Tucker,

    Defendant - Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Arkansas.
\*
\*
\*

_____

Submitted: April 14, 2005
Filed: August 16, 2005

_____

Before LOKEN, Chief Judge, FAGG and BYE, Circuit Judges.

_____

LOKEN, Chief Judge.

Former Arkansas Governor Jim Guy Tucker pleaded guilty to conspiring to defraud the United States by impeding the assessment and collection of income tax in violation of 18 U.S.C. § 371, a so-called Klein conspiracy. See United States v. Fletcher, 322 F.3d 508, 513 (8th Cir. 2003). The plea agreement provided that Tucker's sentence would include a term of probation, a fine, and restitution based on Tucker's share of "the [tax] loss sustained by the United States as a result of the offense." At sentencing, the district court determined the tax loss to be in excess of $3.5 million, applying a prior version of the relevant Internal Revenue Code provision, 26 U.S.C. § 1374. Tucker appealed, arguing that the Internal Revenue

Service would have applied the present version of § 1374 in determining his tax liability. We remanded for resentencing, concluding that the government had the burden to prove, and failed to prove, which version of the statute should be used in determining the actual tax loss to the victim of the offense for restitution purposes. United States v. Tucker, 217 F.3d 960, 965 (8th Cir. 2000).

On remand, after the IRS agreed with Tucker that the present version of § 1374 applies, the parties stipulated that the tax loss for restitution purposes was $125,429.88. The district court then determined Tucker's restitution liability based on that actual loss. Meanwhile, Tucker moved the district court for post-conviction relief under 28 U.S.C. § 2255, arguing that the government based his prosecution on the wrong version of § 1374 and therefore he is actually innocent and the victim of a Brady violation and entitled to withdraw his guilty plea. The district court[1] denied the motion. Tucker appeals. We affirm.

1. Tucker first argues that he is actually innocent of the offense because it was legally impossible to conspire to impede the collection of a non-existent tax, that is, a tax based on the former version of § 1374 that did not apply to the transaction in question. We disagree. Tucker pleaded guilty to Count 3 of the indictment, which charged the defendants with conspiring to impede the IRS in the collection of "income taxes." The essence of the charge was a conspiracy to avoid corporate-level tax on the profitable sale of the Plantation Cable System. See Tucker, 217 F.3d at 961-62. At the change of plea hearing, the district court read to Tucker the portion of Count 3 that alleged, "The purpose of the conspiracy was to transfer the Plantation cable system owned by PCS to defendant Jim Guy Tucker through a fraudulent bankruptcy proceeding in Texas that was designed to . . . avoid corporate tax on the sale of the system . . . ." After the Assistant U.S. Attorney stated in considerable

---

[1]The HONORABLE STEPHEN M. REASONER, United States District Judge for the Eastern District of Arkansas. Judge Reasonor died August 14, 2004.

detail the facts the government would prove if the case went to trial, the court asked Tucker to "summarize what acts that you did that you feel justify the fact . . . that you have decided to enter a plea of guilty." Tucker responded:

> THE DEFENDANT: As the law has been explained to me, Your Honor, if we agreed, and I agree we did agree . . . to not disclose the contract of sale . . . in the disclosure statement to the bankruptcy [court] and one of the purposes of the bankruptcy was to deal with tax issues, that that is sufficient to constitute a charge under this conspiracy statute.

The court accepted Tucker's guilty plea, finding it to be "a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense."

As the colloquy at the change-of-plea hearing confirmed, the offense turned on the tax liability the conspirators and their tax advisors *believed or feared would apply* to the lucrative sale of the Plantation Cable System, not on the tax liability the IRS ultimately assessed after full disclosure and a tax audit. Tucker admitted that the purpose of the bankruptcy non-disclosure "was to deal with tax issues." Apparently, the conspirators intended to avoid the substantial corporate-level tax that would be owed if the former version of § 1374 applied. But even if Tucker operated on a misconception as to the provision of the Internal Revenue Code the IRS would ultimately apply, he was still guilty of conspiring to impede the IRS in collecting the income tax that would be owed on the sale of the cable system. In other words, Tucker's guilt under 18 U.S.C. § 371 turned on the purpose of the conspirators' non-disclosure. Determining which version of § 1374 the IRS would apply to the transaction only became relevant in calculating the amount of restitution owing to the government as victim of the Klein conspiracy. See Tucker, 217 F.3d at 963. Thus, Tucker's guilt and therefore his guilty plea were not undermined in the slightest by the subsequent IRS decision to apply the present version of § 1374.

2.  Tucker next argues that his guilty plea must be vacated because the government violated Brady v. Maryland, 373 U.S. 83 (1963), when it refused to disclose its incorrect reliance on the prior version of § 1374.  This non-disclosure, he alleges, went "to the very heart of the case" and induced him to plead guilty.  The district court rejected this claim because Tucker knew the government's theory of the case by the end of his plea hearing and failed to raise this Brady issue on direct appeal, and because his knowing and intelligent guilty plea waived the issue.  We agree.  We also agree with the government that no Brady violation occurred.

3. Finally, Tucker argues that he is entitled to withdraw his guilty plea because it was not knowing and intelligent due to the government's failure to disclose "the true nature of the charge" -- that the alleged conspiracy "was to violate a repealed [tax] law."  This argument is without merit.  As we have explained, Tucker's guilt did not depend on which version of § 1374 in fact applied to the transaction in question.  Thus, any misapprehension at the time he pleaded guilty concerned only the strength of the government's case or the likely financial penalty if he was convicted.  "A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action."  Brady v. United States, 397 U.S. 742, 757 (1970).  We note that the flaw in this argument is not an issue of procedural default that may be cured by a showing of cause and prejudice or actual innocence.  See generally Bousley v. United States, 523 U.S. 614 (1998).  Rather, Tucker has failed to show that his guilty plea was invalid.

The order of the district court dated August 28, 2003, is affirmed.  Tucker's motion to supplement the record on appeal is granted.

_____