# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 09-3640

————————

United States of America,      *
    *

    Plaintiff - Appellee,     *
    *   Appeal from the United States

v.     *   District Court for the
    *   Eastern District of Arkansas.

Clifton Z. Freeman, Jr.,     *
    *

    Defendant - Appellant.     *

————————

Submitted: September 24, 2010
Filed: November 12, 2010

————————

Before LOKEN, HANSEN, and BENTON, Circuit Judges.

————————

LOKEN, Circuit Judge.

Clifton Freeman was charged with possession of crack cocaine with intent to distribute and moved to suppress evidence gathered during a warrant search of his residence. The district court[1] denied the motion following a suppression hearing under Franks v. Delaware, 438 U.S. 154 (1978). After Freeman entered a conditional guilty plea, the district court denied his motion for a "rehearing" of the suppression issues. Freeman appeals both rulings. We affirm.

———————————————

[1]The HONORABLE JAMES M. MOODY, United States District Judge for the Eastern District of Arkansas.

Officer Todd Williams of the Pine Bluff, Arkansas Police Department obtained a warrant to search Freeman's residence. The warrant affidavit averred that a reliable confidential informant told Williams that Freeman was hiding crack cocaine under a camper parked near the residence, which the informant had seen "only moments before he made contact with [Officer Williams]." Police executing the warrant found 87 grams of crack cocaine and other evidence of drug trafficking.

When a search warrant is based upon an affidavit setting forth a facially sufficient showing of probable cause, as in this case, the defendant is nonetheless entitled to an evidentiary suppression hearing if he makes a "substantial preliminary showing" that a false statement necessary to the finding of probable cause was "knowingly and intentionally, or with reckless disregard for the truth," included in the warrant affidavit. Franks, 438 U.S. at 155. The evidence will be suppressed if, at the hearing, the defendant proves the allegation of perjury or reckless disregard, and that the affidavit's remaining content was insufficient to establish probable cause. Id. at 156. "[N]egligence or innocent mistake is not enough to establish a Franks violation. . . . A showing of deliberate or reckless falsehood is not lightly met." United States v. Butler, 594 F.3d 955, 961 (8th Cir. 2010) (quotation omitted).

In this case, when the defense learned that the confidential informant was Bobby Foster, the son of Freeman's long-time girlfriend, defense counsel interviewed Foster with his mother present. Foster denied telling Officer Williams important facts attributed to Foster in the warrant affidavit -- that Freeman was hiding crack cocaine under the camper and that Foster had previously provided information as an informant to Officer Williams. At the end of the interview, counsel prepared and Foster signed an affidavit including these averments and asserting that police pressured Foster to help "arrest another individual" after they arrested Foster for possessing cocaine.

Freeman then filed a motion to suppress, arguing that Foster's affidavit showed there were deliberate falsehoods in Officer Williams's warrant affidavit essential to its showing of probable cause, and requesting a Franks hearing. The government opposed the motion but not the request for an evidentiary hearing. At the start of the hearing, counsel advised that Foster had recanted the statements made in his affidavit, as reflected in an F.B.I. Form 302 signed by Foster at the conclusion of an interview conducted after law enforcement officers learned he was assisting Freeman's defense. Freeman's counsel was allowed to withdraw because he was now a likely witness, and the suppression hearing was rescheduled.

When the Franks hearing resumed, Freeman (represented by new counsel) called Foster and Freeman's former attorney. Foster testified that he in fact provided Officer Williams the information attributed to Foster in the warrant affidavit; that he had provided information to law enforcement in the past; that he lied to Freeman's former attorney because his mother and Freeman had pressured him to help Freeman's case; and that he was not pressured by law enforcement officers to recant when he signed the F.B.I. Form 302. Freeman's former attorney denied pressuring Foster to sign the now-recanted affidavit but had no independent knowledge of the facts asserted by Foster in the affidavit. When Freeman rested, the government expressed doubt he had met his burden under Franks but proposed to call its witnesses, who were present, "to have a complete record." The district court agreed.

During the government's case, Officer Williams testified that Foster provided the information set forth in the warrant affidavit and had previously provided reliable information; that Williams made an effort to corroborate the information Foster provided before submitting the affidavit and had no reason to believe that the information was false; and that Williams had not pressured Foster to recant. Other officers testified to helping Williams gather and corroborate information in the warrant affidavit. The officials who interviewed Foster when he recanted, drug task

force member John McNeil and F.B.I. Special Agent Boyd Boshears, testified that they made no threats during the interview.

At the conclusion of the hearing, the district court denied Freeman's motion to suppress, crediting Officer Williams's testimony and finding he did not intentionally or with reckless disregard include false information in the warrant affidavit. On appeal, Freeman argues the court clearly erred when it did not credit the affidavit Foster provided to Freeman's former attorney and find that, because Foster lied when he recanted at the suppression hearing, Officer Williams intentionally or at least recklessly included false statements in his warrant affidavit. "We review the district court's factual findings on a Franks challenge for clear error" and its legal determinations *de novo*. United States v. Mashek, 606 F.3d 922, 929 (8th Cir. 2010).

A Franks hearing must be denied unless the defendant makes a "strong initial showing" of deliberate falsehood or reckless disregard of the truth. United States v. Pennington, 287 F.3d 739, 743 (8th Cir.), cert. denied, 537 U.S. 1022 (2002). In this case, even if Foster's affidavit initially made such a showing, the showing collapsed when Foster recanted at the start of the Franks hearing. Given the Supreme Court's caution in Franks that "[t]he requirement of a substantial preliminary showing should suffice to prevent the misuse of a veracity hearing for purposes of discovery or obstruction," 438 U.S. at 170, the district court could have denied the motion to suppress at this stage of the proceedings. Instead, the court heard the government's witnesses to complete the record. The court then put aside the issue of Foster's credibility because under Franks the critical issue was whether Officer Williams reasonably believed the information he set forth in the affidavit. Expressly crediting Williams's testimony, the court found he included no intentional or reckless false statements in the warrant affidavit. Its determination of witness credibility is "virtually unassailable on appeal." United States v. Guel-Contreras, 468 F.3d 517, 521 (8th Cir. 2006) (quotation omitted). And here, the credibility finding is amply supported by the testimony at the suppression hearing, as well as the lack of a

-4-

substantial showing by Freeman to the contrary. The motion to suppress was properly denied.

## II.

Seven months after the court accepted his conditional guilty plea, and one day prior to sentencing, Freeman filed a Motion for Rehearing or, in the Alternative, for a Writ of Error *Coram Nobis*.[2] In support, he noted that the Supreme Court of Arkansas had reversed a murder conviction based in part on Special Agent Boshears's coercive interrogation techniques, Osburn v. State, 2009 WL 1819337, at pp. 9-15 (Ark. 2009), cert. denied, 130 S. Ct. 1522 (2010), and argued that this "valuable impeachment information . . . . would likely have changed the outcome of the [suppression] hearing." At the start of the sentencing hearing, the district court denied the motion without a hearing, explaining that the court had read the Osburn decision, reviewed the evidence presented at the suppression hearing, and concluded that the finding relating to Special Agent Boshears in the Osburn case would not have influenced the court's prior decision to deny Freeman's motion to suppress.

On appeal, Freeman argues that the district court abused its discretion in denying his motion for rehearing because the motion satisfied the criteria for granting a new trial based upon newly discovered evidence. This argument is without merit. A guilty plea waives all suppression issues not expressly reserved by a conditional plea. See, e.g., United States v. Arrellano, 213 F.3d 427, 430 (8th Cir. 2000). A conditional guilty plea, such as the plea entered by Freeman, reserves only "the right to have an appellate court review an adverse determination of a specified pretrial

---

[2]Freeman's alternative motion for a writ of error *coram nobis* was without merit, as that extraordinary remedy is only available after conviction or sentence to a defendant who is no longer in custody "to correct errors of the most fundamental character." United States v. Camacho-Bordes, 94 F.3d 1168, 1173 (8th Cir. 1996) (quotation omitted).

motion." Fed. R. Crim. P. 11(a)(2). Here, Freeman could not move to renew his suppression motion at or before the trial, the accepted way to urge a trial court to reconsider its denial of a pretrial motion, because his guilty plea ended the guilt-determination phase of the proceedings. There was nothing to renew or rehear.

Rather than a motion for rehearing, which was foreclosed by his guilty plea, Freeman could have filed a pre-sentence motion to withdraw the plea. Such a motion may be granted if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Had the motion been made in this case, it would have been denied, not only for the reasons stated by the district court at sentencing, but also because Freeman's "guilt and therefore his guilty plea were not undermined in the slightest" by allegations as to manner in which Special Agent Boshears interviewed informant Foster long after the search warrant issued and was executed. United States v. Tucker, 419 F.3d 719, 721 (8th Cir. 2005), cert. denied, 547 U.S. 1020 (2006). "A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case . . . ." Brady v. United States, 397 U.S. 742, 757 (1970).

The judgment of the district court is affirmed.

_____