# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1624

_____

United States of America,

      Plaintiff - Appellee,

v.

Robert Edward Harner,

      Defendant - Appellant.

*
*
*
*
*  Appeal from the United States
*  District Court for the
*  District of Minnesota.
*
*
*

_____

Submitted:  October 22, 2010
Filed:  January 7, 2011

_____

Before LOKEN, SMITH, and COLLOTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Robert Edward Harner was charged with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2).  He moved to suppress hundreds of electronically-stored images of child pornography seized during a warrant search of his Minneapolis home.  Harner argued that the affidavit of a computer forensic investigator failed to establish probable cause to issue the warrant.  In that affidavit, the investigator averred that he had traced to Harner's computer a shared file offering to distribute hundreds of files, sixteen of which were on the Internet Crimes Against Children Task Force list of files depicting child pornography, and one of which the investigator partially downloaded, viewed, and found to depict child pornography.

The district court[1] denied the motion, both because the warrant was supported by probable cause as construed by this court in <u>United States v. Grant</u>, 490 F.3d 627, 632 (8th Cir. 2007), <u>cert. denied</u>, 552 U.S. 1281 (2008); <u>see also</u> <u>United States v. Stults</u>, 575 F.3d 834, 843-44 (8th Cir. 2009), <u>cert. denied</u>, 130 S. Ct. 1309 (2010), and because in conducting the search police officers relied in good faith on a facially valid warrant, <u>see</u> <u>United States v. Leon</u>, 468 U.S. 897 (1984).  Harner then pleaded guilty to the charged offense.  He now appeals the conviction.

Harner argues, as he did in the district court, that the warrant was issued without probable cause and the <u>Leon</u> good faith exception does not apply.  However, as Harner's guilty plea was unconditional, he waived his right to challenge the district court's pretrial ruling on these Fourth Amendment issues.  <u>See</u> <u>United States v. Freeman</u>, 625 F.3d 1049, 1052 (8th Cir. 2010) ("A guilty plea waives all suppression issues not expressly reserved by a conditional plea."), citing <u>United States v. Arrellano</u>, 213 F.3d 427, 430 (8th Cir. 2000).  A defendant may enter a conditional guilty plea "reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion," but only with the consent of the district court and the government.  Fed. R. Crim. P. 11(a)(2).  Here, Harner pleaded guilty unconditionally after the district court expressly advised that he was giving up enumerated rights, including the right "to argue . . . that your constitutional rights were violated when your property was searched or when you were questioned."  Thus, the issues Harner raises on appeal were waived by his guilty plea.

The judgment of the district court is affirmed.

_____

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.