# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1953

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Clifton Brown, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 3, 2011
Filed: February 8, 3022

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

In 2006, Clifton Brown was indicted on charges of possessing with intent to distribute marijuana, more than five grams of cocaine base, and cocaine, 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1). After the District Court[1] denied Brown's motion to suppress evidence, Brown pleaded guilty to all counts. The District Court initially sentenced him to 130 months in prison: an aggregate of 70 months for the drug offenses and a

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Lewis M. Blanton, United States Magistrate Judge for the Eastern District of Missouri.

consecutive 60-month term for the firearm offense. On Brown's 18 U.S.C. § 3582(c)(2) motion to reduce sentence, the court amended its judgment to reduce the aggregate sentence for the drug offenses to 60 months in prison, for a total prison term of 120 months, the statutory minimum. See 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii); 21 U.S.C. § 841(b)(1)(B)(iii). Brown appeals. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the District Court erred in denying the suppression motion and that the sentence imposed was unreasonable.

We reject these arguments. First, by pleading guilty, Brown waived the right to appeal the denial of his motion to suppress. See United States v. Arrellano, 213 F.3d 427, 430 (8th Cir. 2000) (noting that a defendant who pleads guilty waives all suppression issues not expressly reserved by a conditional plea). Second, the District Court's imposition of the statutory minimum sentence was not unreasonable. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the District Court.

_____