# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1087

_____

United States of America,          *
                                   *
          Appellee,                *
                                   *   Appeal from the United States
     v.                            *   District Court for the Western
                                   *   District of Missouri.
Jose D. Rosario,                   *
                                   *   [UNPUBLISHED]
          Appellant.               *

_____

Submitted:  November 19, 2010
Filed: February 15, 2011

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jose D. Rosario appeals the district court's[1] denial of his motion to suppress evidence seized from his commercial truck.  Because Rosario pled guilty without reserving his right to appeal the denial of his motion to suppress, we affirm.

A state trooper in the Missouri State Highway Patrol's Commercial Vehicle Enforcement Division stopped Rosario's truck for inspection, and Rosario consented to a search that uncovered over 24 kilograms of cocaine.  The district court denied

_____

[1] The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

Rosario's motion to suppress, and Rosario pled guilty to possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Rosario to 87 months imprisonment.

On appeal, Rosario contends that the district court erred in denying his motion to suppress because the trooper expanded the scope of the regulatory stop without reasonable suspicion. Additionally, in his pro se filings, Rosario argues that Arizona v. Gant, 129 S. Ct. 1710 (2009), which limits searches incident to arrest in the vehicle context, mandates reversal.

We do not reach the merits of Rosario's suppression arguments because he waived his right to appeal the denial of his motion to suppress by not reserving it when he pled guilty. United States v. Harner, No. 10-1624, 2011 WL 43606, at *1 (8th Cir. Jan. 7, 2011) (citing United States v. Freeman, 625 F.3d 1049, 1052 (8th Cir. 2010)). With the consent of the court and the government, a defendant may enter a conditional guilty plea "reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Fed. R. Crim. P. 11(a)(2). Rosario alleges he had an informal understanding with the government that his guilty plea was conditional. This agreement, however, was never formalized in writing or presented to the district court, and Rosario is bound by the unconditional guilty plea that the district court entered.

Accordingly, the judgment of the district court is affirmed.

_____