# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3589

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| John George Flaska, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 17, 2011
Filed: March 28, 2011

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Without a plea agreement, John Flaska pleaded guilty to being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him below the advisory Guidelines range to 50 months in prison and 3 years of supervised release. On appeal, Flaska's counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting that the sentence is substantively unreasonable, and that Flaska's conviction should be reversed because the district court did not inform Flaska at the plea hearing

_____

[1]The Honorable Ralph Erickson, Chief Judge, United States District Court for the District of North Dakota.

of its obligation to consider the Guidelines range, possible Guidelines departures, and the 18 U.S.C. § 3553(a) sentencing factors, as required by Rule 11 of the Federal Rules of Criminal Procedure. Flaska has filed a pro se supplemental brief challenging the lawfulness of a search and claiming ineffective assistance of counsel.

As to the arguments raised in the Anders brief, we conclude that the sentence is not unreasonable, see United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (describing standards for reviewing sentences), and that the Rule 11 omissions do not warrant a reversal, see United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) (defendant seeking reversal of conviction entered upon guilty plea, based on plain error under Rule 11, must show reasonable probability that, but for error, he would not have entered plea); United States v. Vonn, 535 U.S. 55, 58-59 (2002) (defendant who allows Rule 11 error to pass without objection in trial court must satisfy plain-error rule).

As to the matters raised in Flaska's supplemental brief, we conclude that his challenge related to the search has been waived, see United States v. Arrellano, 213 F.3d 427, 430 (8th Cir. 2000) (defendant who pleads guilty waives all nonjurisdictional defenses), and we decline to consider his ineffective-assistance claim on direct appeal, see United States v. Bauer, 626 F.3d 1004, 1009 (8th Cir. 2010) (ineffective-assistance-of-counsel claim should be raised in collateral proceeding under 28 U.S.C. § 2255).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the district court.

_____