# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2729

_____

United States of America,             *
                                       *

          Appellee,        *

                                       *   Appeal from the United States

     v.                 *   District Court for the
                                       *   Eastern District of Arkansas.

Jose Villa-Madrigal,          *

                                       *

          Appellant.       *

_____

Submitted:  March 12, 2012
Filed:   July 6, 2012

_____

Before MELLOY, SMITH, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Jose Villa-Madrigal (Villa) was charged with possession of five kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  Villa filed a motion to suppress evidence discovered during a search of the vehicle he was driving that was conducted by an Arkansas highway patrolman.  After a suppression hearing, the district court[1] denied Villa's motion.  Villa subsequently entered an unconditional

_____

[1] The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

guilty plea, which was accepted. Villa now appeals his conviction, arguing that the court erred by denying his motion to suppress. We conclude that this argument is foreclosed by Villa's guilty plea and therefore affirm.

I.

Villa was pulled over by Officer Chris Goodman of the Arkansas State Highway Patrol on July 26, 2009. Officer Goodman stopped Villa for allegedly "following a tractor-trailer too close on the interstate." During the course of the stop, Officer Goodman asked Villa for permission to search the vehicle, which Villa granted. While conducting the search, Officer Goodman discovered cocaine in a hidden chamber behind the glove compartment. A full inspection at a police garage later determined that the chamber contained 4.99 kilograms of cocaine.

Villa was charged in a one-count indictment with possession of cocaine with intent to distribute, in violation of section 841(a)(1). Villa subsequently filed a motion to suppress the evidence recovered during the search of his vehicle, arguing that the initial vehicle stop was not supported by reasonable suspicion or probable cause that he was violating a traffic law. A suppression hearing was held before a magistrate judge, who recommended that Villa's motion be denied. Villa filed no objection to the magistrate judge's report within the 14 days allotted for objections, and the district court adopted the magistrate judge's report and recommendation in its entirety.

On April 15, 2011, Villa pled guilty without a plea agreement. In a colloquy at Villa's change of plea hearing, the court advised Villa that his guilty plea constituted a waiver of the following rights: the right to plead not guilty; the right to put the Government to its proof beyond a reasonable doubt that Villa committed the offense; the right to an attorney and a trial by jury; the right not to testify against himself; and the right to call witnesses and cross-examine witnesses against him. The Government recited the evidence and the facts it would have presented at trial, and

Villa told the court that the Government's presentation was substantially correct. The court accepted Villa's guilty plea and eventually sentenced him to 78 months imprisonment. Villa now appeals his conviction.

## II.

On appeal, Villa renews the argument that his traffic stop by Officer Goodman was unsupported by probable cause that Villa was "following too close" in violation of Arkansas law. Villa argues that all the evidence found as a result of the traffic stop was inadmissible, including the cocaine forming the basis for his conviction. In response, the Government argues that we need not address the merits of Villa's appeal because Villa's guilty plea effectively waived his right to appeal the denial of the motion to suppress.

"Whether a valid waiver of appellate rights occurred is a question of law that we will review de novo." United States v. Sisco, 576 F.3d 791, 795 (8th Cir. 2009). Villa contends that his right to appeal the denial of the motion to suppress was not "knowingly and voluntarily" waived when he pled guilty. He points out that the court, when listing the rights Villa would forfeit through his guilty plea, did not specifically mention the right to appeal the denial of his motion to suppress. Villa argues that the court's omission of that right in its colloquy demonstrates that Villa's waiver could not be knowing and voluntary. For support, Villa cites United States v. Boneshirt, 662 F.3d 509 (8th Cir. 2011), cert. denied, 132 S. Ct. 1613 (2012), where we declined to enforce a plea agreement provision that waived the defendant's right to appeal the substantive reasonableness of his sentence because "the district court never discussed with [the defendant] the appeal waiver in the written plea agreement." Id. at 516.

However, Boneshirt involved a court's failure to follow Federal Rule of Criminal Procedure 11(b)(1)(N), which requires that a court "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement

provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). Unlike the defendant in <u>Boneshirt</u>, Villa pled guilty without a plea agreement. More importantly, the waiver at issue in this case does not involve the right to appeal one's sentence. Instead, Villa seeks review of the court's disposition of a pretrial motion. "It is well established in this Circuit that a defendant who pleads guilty waives all nonjurisdictional defenses." <u>United States v. Stewart</u>, 972 F.2d 216, 217 (8th Cir. 1992). We have also specifically held that "[a] guilty plea waives all suppression issues not expressly reserved by a conditional plea," <u>United States v. Freeman</u>, 625 F.3d 1049, 1052 (8th Cir. 2010). In addition to entering an unconditional guilty plea, Villa did not object to the magistrate judge's report and recommendation following the suppression hearing, and he agreed that the facts presented by the Government at his plea hearing were substantially correct. The record demonstrates that Villa's guilty plea was knowing and voluntary, and there is nothing in the record that could have "reasonably led defendant to expect that he could appeal the denial of his motion to suppress." <u>United States v. Arrellano</u>, 213 F.3d 427, 431 (8th Cir. 2000). Accordingly, we find that Villa's guilty plea precludes him from challenging the district court's denial of his motion to suppress.

## III.

For the foregoing reasons, we affirm the judgment of the district court.

_____