# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-2525
_____

United States of America,

*Plaintiff - Appellee,*

v.

Carlton E. Samuels, Jr.,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: December 22, 2016
Filed: January 4, 2017
[Unpublished]

_____

Before COLLOTON, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After pleading guilty to being a felon in possession of a firearm, Carlton Samuels appeals the district court's[1] within-Guidelines sentence. His counsel has

---

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the district court erred by imposing an unreasonable sentence, and that Samuels received ineffective assistance of counsel when counsel failed to object to the 4-level enhancement for using or possessing the firearm in connection with another felony offense. Samuels has filed a motion making the same ineffective-assistance argument and a letter arguing that police did not have a proper search warrant when they discovered the firearm.

We conclude that the sentence was not substantively unreasonable. A sentence within the advisory guideline range is presumed reasonable, *see United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014), and the court imposed the sentence after considering the 18 U.S.C. § 3553(a) factors, *see United States v. Miller*, 557 F.3d 910, 917 (8th Cir. 2009). To the extent Samuels is attempting to assert a Fourth Amendment claim on appeal, his valid guilty plea waived such a claim. *See United States v. Arellano*, 213 F.3d 427, 430 (8th Cir. 2000). The district court's application of a four-level increase under USSG § 2K2.1(b)(6)(B)) was supported by the evidence. We deny the ineffective-assistance claim, as such claims are best litigated in collateral proceedings. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006). Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal.

Accordingly, we affirm the district court, grant counsel's motion to withdraw, and deny Samuels's motion.

_____