# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2089
_____

United States of America

*Plaintiff - Appellee*

v.

Nicholas Dewayne Rogers, also known as Nic

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: June 8, 2026
Filed: June 24, 2026
[Unpublished]
_____

Before COLLOTON, Chief Judge, ARNOLD and GRASZ, Circuit Judges.
_____

PER CURIAM.

After a police officer stopped a car that Nicholas Rogers was driving and found a gun inside, Rogers was indicted for being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). He moved to suppress the gun on the ground that the police officer lacked reasonable suspicion to stop him and unlawfully prolonged the stop.

The district court[1] disagreed and denied the motion. Rogers later pleaded guilty to the offense without a plea agreement, and the district court sentenced him to 42 months in prison.

Rogers maintains on appeal that the district court erred in denying his motion to suppress. But "a guilty plea waives all suppression issues not expressly reserved by a conditional plea." *See United States v. Villa-Madrigal*, 683 F.3d 924, 926 (8th Cir. 2012). Rogers did not enter into a conditional guilty plea. *See* Fed. R. Crim. P. 11(a)(2). He hasn't offered any reason to suggest that he pleaded guilty unknowingly or involuntarily. *See Villa-Madrigal*, 683 F.3d at 926. In fact, he fails altogether to respond to the government's assertion that his unconditional plea estops him from challenging the denial of his suppression motion. So we conclude that Rogers has waived the challenges that he raises on appeal.

Affirmed.

_____

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.